# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| THOMAS MICHAEL PEPPER a/w ) | |
| LINDA MARIE PACE ) | Case No. B 10-51103 C-7W |
| ) | |
| Debtors. ) | |
| _____ ) | |
| EDWIN H. FERGUSON, JR., TRUSTEE ) | |
| IN BANKRUPTCY FOR ) | |
| THOMAS MICHAEL PEPPER a/w ) | |
| LINDA MARIE PACE,. ) | Adversary Case No. 10-06058 |
| ) | |
| Plaintiff. ) | |
| ) | |
| THOMAS MICHAEL PEPPER a/w ) | |
| LINDA MARIE PACE,. ) | |
| _____ ) | |

## MEMORANDUM OPINION

This adversary proceeding came before the Court on September 29, 2011 for a trial on the merits. Edwin H. Ferguson, Jr., the Chapter 7 trustee (the "Trustee"), appeared on behalf of himself as plaintiff, and P. Wayne Robbins appeared on behalf of the defendant Debtors. The Trustee filed this dischargeability proceeding alleging that the Debtors are not entitled to a discharge because they knowingly filed schedules that misstated their incomes and failed to disclose certain transactions and assets. Based upon such conduct, the Trustee alleges that the Debtors should be denied a discharge pursuant to Section 727(a)(4)(A) of the Bankruptcy Code. The Court agrees, and the Debtors' discharge will be denied.

## I. FACTS

1

On June 14, 2010, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On July 1, 2010, pursuant to 20 U.S.C. § 586(f)(1), the Administrative Office of the United States Courts randomly selected the Debtors' case for audit. In accordance with the Debtor Audit Standards established under Section 603(a) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Tichenor & Associates, LLP conducted an audit and determined that the Debtors' petition, schedules, and statements as originally filed contained material misstatements concerning their income, expenditures, and assets.

According to the Report of Debtor Audit,[1] dated September 8, 2010, the Debtors' petition, schedules, and statement of financial affairs contained several deficiencies and misstatements, including but not limited to the following:

  A. Debtors reported a total current income of $7,500, but auditors calculated a total current monthly income of $10,073.
  B. Debtors failed to disclose a checking account with a balance of $6,974.
  C. Debtors failed to disclose a 2008 sale of investments totaling $8,000.
  D. Debtors failed to disclose the loss of a 2005 Harley Davidson FLSTNU in 2008, and receipt of $6,508 in insurance proceeds in 2009 for the destroyed vehicle.
  E. Debtors failed to disclose their ownership and subsequent sale of a 2004 Honda Pilot for $11,208.
  F. Debtors failed to list their ownership and subsequent sale of a 2006 BMW Z4 Roadster.
  G. Debtors failed to disclose $3,126 in mutual funds.
  H. Debtors reported an IRA valued at $140,000, but auditors determined that the balance of the account was $159,996.
  I. Debtors failed to disclose a checking account valued at $30 or their closure of said account on April 27, 2010.

In their answer, the Debtors argued that the omissions and misstatements were either immaterial or the result of "simple oversight." The Debtors did not appear at trial and offered no

---

[1]The only exhibit offered into evidence at trial was the Report of Debtor Audit. The Court took judicial notice of the pleadings in this case. No witnesses testified.

further explanation of the deficiencies revealed by the Report of Debtor Audit.

## II. DISCUSSION

The primary goal of an individual filing a Chapter 7 bankruptcy petition is to obtain a discharge or a "fresh start." The Bankruptcy Code provides that "the court shall grant the debtor a discharge" unless certain exceptions as set forth in Section 727 apply. However, the "fresh start" policy is limited to the "honest but unfortunate debtor." Grogan v. Garner, 498 U.S. 279, 286–87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). This policy is furthered by Section 727 of the Bankruptcy Code, which provides for the denial of a bankruptcy discharge in certain situations.

Section 727(a)(4)(A) provides that a court should not grant a debtor's discharge if "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4); In re Michael, 452 B.R. 908, 919 (Bankr. M.D.N.C. 2011). In order for a court to deny a debtor her discharge based upon a false oath or account, a plaintiff must first establish by a preponderance of the evidence that the debtor made a false oath or account, such as by showing that the debtor failed to disclose assets or transactions in her bankruptcy schedules or on her statement of financial affairs. 11 U.S.C.A. § 727(a)(4)(A); In re Farouki,14 F.3d 244 (4th Cir. 1994);  Williamson v. Fireman's Fund Inc. Co., 828 F.2d 249, 251 (4th Cir.1987); In re Barnette, 2002 WL 1544472, *2 (Bankr. M.D.N.C. July 8, 2002); In re Gordon, 2002 WL 925028, *3 (Bankr. M.D.N.C. May 8, 2002). "A 'false oath' sufficient to merit a denial of discharge includes a misrepresentation or an omission in the debtor's bankruptcy schedules or Statement of Financial Affairs." In re McLaren, 236 B.R. 882, 894 (Bankr. D.N.D. 1999) (citing In re Beaubouef, 966 F.2d 174, 178 (5th Cir. 1992)).  The Fourth Circuit requires that the false oath must relate to a material matter.  Williamson, 828 F.2d at 251. The requisite intent to deceive exists where a debtor, in the

first instance of filing a petition, schedules, or statement of financial affairs, makes statements—excluding honest mistakes—that are inconsistent or incompatible with his/her own knowledge and information. In re McLaren, 236 B.R. at 895. Because debtors rarely admit that they intended to defraud their creditors, intent must be inferred from circumstantial evidence. In re Gordon, 2002 WL 925028 (Bankr. M.D.N.C. May 8, 2002). Accordingly, if the debtor's schedules and statements contain materially incorrect information made with the intent to deceive, then the debtor's discharge should be denied.

It is undisputed that the Debtors made numerous omissions in their schedules and statement of financial affairs—the record contains ample evidence that the Debtors' schedules and statements were deficient and inaccurate when filed. Notably, the Debtors grossly understated their monthly income and the value of their retirement accounts, and completely omitted the sale of thousands of dollars in investments. These material inaccuracies and omissions were accompanied by a panoply of minor deficiencies, which cumulatively amount to a material misstatement. No evidence was offered by the Debtors at trial to explain these misstatements. Indeed, the Debtors elected to not even appear. Instead, the facts suggest that the Debtors chose to "play fast and loose with [their] assets or with the reality of [their] affairs." Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244, 249 (4th Cir.1994) (quoting In re Tully, 818 F.2d 106, 110 (1st Cir. 1987)). The Trustee's prima facie case demonstrates by a preponderance of the evidence that the Debtors made statements under oath that they knew to be false.

The Debtors' failure to accurately state their income and account balances, and to list transactions and items of personalty, establishes a pattern of omissions sufficient to sustain proof of the necessary fraudulent intent required by Section 727(a)(4). The abundance of omissions and

4

misstatements uncovered by the audit are sufficient in both scope and number for the Court to infer that the Debtors disregarded the truth with intent to deceive for purposes of Section 727(a)(4)(A). The evidence suggests, and the Court so finds, that the Debtors intended to deceive their creditors.

### III. CONCLUSION

The Court concludes that the Debtors have failed to meet their obligation to disclose accurate information as required of the Bankruptcy Code. The Trustee has plainly met his burden of proving by a preponderance of the evidence that the Debtors' discharge should be denied pursuant to Section 727(a)(4) of the Bankruptcy Code. As such, judgment will be entered in favor of the Trustee, and the Debtors' discharge will be denied.

This memorandum opinion constitutes the Courts' findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.